UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/22/2024
```

Fabian Hopson,

                                        Plaintiff,

                    -against-

Research Foundation for Mental Hygiene,
Inc.,

                                        Defendant.

22-cv-05617 (SDA)

**ORDER**

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE:**

WHEREAS, on April 18, 2024, the Court granted the motion of Abdul Hassan, Esq. to withdraw as counsel for Plaintiff Fabian Hopson ("Plaintiff" or "Hopson") (4/18/24 Order, ECF No. 70); and

WHEREAS, following a telephone conference with Hopson and Defendant's counsel, the Court entered an Order on May 17, 2024 requiring Hopson to respond to Defendant's interrogatories and document requests no later than June 28, 2024 (5/17/24 Order, ECF No. 76); and

WHEREAS, Hopson failed to comply with the Court's May 17, 2024 Order, inasmuch as he failed to respond to Defendant's interrogatories and document requests (Def.'s Ltr., ECF No. 77); and

WHEREAS, on July 3, 2024, the Court entered an Order requiring Hopson to comply with the Court's May 17, 2024 Order no later than July 20, 2024, and warning him that failure to comply may result in dismissal of his case for failure to comply with discovery orders and/or failure to prosecute (7/3/24 Order, ECF No. 78); and

WHEREAS, Hopson failed to comply with the Court's July 3, 2024 Order (Def.'s 7/23/24 Ltr., ECF No. 79); and

WHEREAS, on July 29, 2024, the Court entered an Order providing Hopson with one last chance to comply with the Court's discovery orders; directing Hopson to respond to Defendant's interrogatories and document requests no later than August 16, 2024; and warning him that if he failed to timely comply with the Order, "his case SHALL be dismissed for failure to comply with discovery orders and failure to prosecute" (7/29/24 Order, ECF No. 80); and

WHEREAS, Hopson failed to comply with the Court's July 29, 2024 Order (Def.'s 8/20/24 Ltr., ECF No. 82); and

WHEREAS, Defendant filed a letter on August 20, 2024 requesting dismissal of this action "for Plaintiff's failure to participate in discovery, prosecute the case, and follow the Court's various orders" (*id*.); and

WHEREAS, Federal Rule of Civil Procedure 41(b) states that a defendant may move to dismiss an action or any claim against it "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order," Fed. R. Civ. P. 41(b); and

WHEREAS, in considering whether to dismiss a case under Rule 41, courts consider five factors: (1) the duration of plaintiff's failure to comply with court orders; (2) notice to plaintiff that failure to comply would result in dismissal; (3) possible prejudice to defendants from further delay; (4) the balance between the interest of managing the court's docket and the plaintiff's right to be heard; and (5) consideration of lesser sanctions, *see Shannon v. Gen. Elec. Co*., 186 F.3d 186, 193-94 (2d Cir. 1999); and

WHEREAS, none of the foregoing factors is independently dispositive, and the Court reviews the dismissal in light of the record as a whole, *see U.S. ex rel Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004); and

WHEREAS, viewing the record as a whole, the Court finds that dismissal without prejudice is appropriate, applying the relevant factors;[1] and

WHEREAS, Federal Rule of Civil Procedure 37 provides an independent basis for dismissal, *see* Fed. R. Civ. P. 37(b)(2)(v).

---

[1] With respect to the first two factors, over the course of more than three months Hopson repeatedly has failed to comply with Orders of the Court, having been warned that his case could be dismissed if he failed to comply with such Orders. *See Capogrosso v. Troyetsky*, No. 14-CV-00381 (KNF), 2015 WL 4393330, at *4 (S.D.N.Y. July 17, 2015) ("dismissal has been found appropriate for a delay as short as two months when a party has become completely inaccessible, as accessibility strongly suggests that plaintiff is not diligently pursuing [his] claim.") (internal quotation marks and alterations omitted). The remaining factors also support dismissal, albeit without prejudice. There is no evidence that Plaintiff's delay has caused any prejudice to Defendants beyond the delay itself, yet "when a plaintiff's delay is 'lengthy and inexcusable,' prejudice can be presumed." *See Bar-Levy v. Gerow*, No. 18-CV-09454 (PMH), 2020 WL 7774297, at *3 (S.D.N.Y. Dec. 30, 2020). Moreover, Plaintiff has had ample time to respond to the outstanding discovery requests and Orders of the Court, but has not done so. *See Cayetano v. City of New York*, No. 13-CV-01861 (LAK) (JLC), 2013 WL 6097567, at *2 (S.D.N.Y. Nov. 20, 2013), *report and recommendation adopted*, 2015 WL 5514324 (S.D.N.Y. Sept. 17, 2015) (citing *Hibbert v. Apfel*, No. 99-CV-04246 (SAS), 2000 WL 977683, at *3 (S.D.N.Y. July 17, 2000) ("It is not the function of this Court to chase dilatory plaintiffs while other litigants in this district seek access to the courts.")). However, "because Plaintiff's delay has not impacted the trial calendar," the Court finds that the fourth factor supports dismissal without prejudice, as opposed to adjudication on the merits. *Virola v. Entire GRVC Dep't of Mental Health Hygiene Servs.*, No. 12-CV-01005 (ER), 2014 WL 793082, at *3 (S.D.N.Y. Feb. 21, 2014) (citing *Thrall v. Cent. New York Reg'l Transp. Auth.*, 399 F. App'x 663, 666 (2d Cir. 2010)); *see also LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 208 (2d Cir. 2001) (Rule 41(b) dismissal with prejudice to be used with caution because "pro se plaintiffs should be granted special leniency regarding procedural matters"); *Ortega v. Mutt*, No. 14-CV-09703 (JGK), 2017 WL 1133429, at *2 (S.D.N.Y. Mar. 24, 2017) (finding lesser sanction of dismissal without prejudice appropriate "in order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendant by retaining open lawsuits with no activity"). Finally, the fifth factor weighs in favor of dismissal, rather than lesser sanctions, because the case cannot proceed without Plaintiff responding to discovery requests.

NOW, THEREFORE, it is hereby ORDERED that this action is dismissed without prejudice.

The Clerk of Court is respectfully requested to terminate this action.

**SO ORDERED.**

Dated:        New York, New York
              August 22, 2024

_____
STEWART D. AARON
United States Magistrate Judge